UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES TIM STOREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00957-SEB-TAB |
| ) | |
| I.M.F. NORTH AMERICA, INC. Default ) | |
| Entered 10/28/2016, ) | |
| I.M.F. IMPIANTI MACCHINE ) | |
| FONDERIA S.R.L. Default Entered ) | |
| 10/28/2016, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This cause is before the Court on Plaintiff Charles Storey's Motion for Default Judgment [Docket No. 22], filed on September 30, 2016. For the reasons detailed below, we hereby <u>GRANT in part</u> Plaintiff's motion with respect to Defendants' liability as to his breach of contract claim, but <u>STAY</u> a ruling regarding the award of damages, expenses, and fees.

**<u>Background</u>**

Plaintiff commenced this action in the Marion Superior Court on December 16, 2015, alleging that Defendants had breached their settlement agreement with him from a prior litigation and had thus also violated an Indiana wage statute. See Dkt. 1. Specifically, Plaintiff alleged that Defendants had breached the parties' settlement

1

agreement by failing to make a $24,750 payment to him on December 1, 2015, and also failing to promptly inform Plaintiff of any "purchase orders received between March 6, 2015, and the two-month period following the Separation Date, within a commercially reasonable amount of time following [Defendants'] receipt of the same." *Id.* at 12. According to Plaintiff, Defendants' failure to provide him with any purchase orders received during the relevant period of time prevented him from claiming his commission(s) for those orders, thereby breaching the settlement agreement and violating Indiana Code § 22-2-5-1, which requires "[e]very person, firm, corporation, limited liability company, or association…doing business in Indiana [to] pay each employee at least semimonthly or biweekly, if requested, the amount due the employee." *Id.* § 22-2-5-1(a), and that, "[p]ayment shall be made for all wages earned to a date not more than ten (10) business days prior to the date of payment." *Id.* § 22-2-5-1(b). Plaintiff did not allege the amount of commission(s) he was due.

On April 28, 2016, Defendants removed this action to our court pursuant to 28 U.S.C. §§ 1332 and 1441(b). In establishing that the amount in controversy exceeded $75,000, Defendants stated that, in addition to his claim for the $24,750 payment, Plaintiff had included written demands for $40,500 in alleged unpaid commissions, which amount he claimed might be subject to doubling pursuant to Ind. Code § 22-2-5-2.

On June 2, 2016, Plaintiff filed an Amended Complaint altering his breach of contract claims to state that though Defendants had made the $24,750 payment to him, they had failed to make the payment in accordance with the terms of the settlement

2

agreement because they tendered payment after the December 1, 2015 deadline and failed to withhold the appropriate employment taxes therefrom. Dkt. 9 at ¶ 10. Plaintiff's remaining breach of contract claims and Indiana statutory claims were reasserted as in the original Complaint. Dkt. 9.

On June 22, 2016, Defendants filed their Answer to the Amended Complaint, asserting several affirmative defenses and raising counterclaims of criminal conversion, tortious conversion, and unjust enrichment against Plaintiff. Dkt. 13.

Before a Case Management Plan was reached, or any other filings were made by Defendants, on August 10, 2016, attorneys Brian McDermott and Brian Burbrink of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., moved for leave to withdraw their appearances for Defendants, maintaining that they had entered appearances to serve only as local counsel for purposes of removal, but that because lead counsel William Wortel of Bryan Cave, LLP was admitted to the bar of this court and had entered an appearance, local counsel was no longer needed. Dkt. 16. Magistrate Judge Baker granted the attorneys' motion to withdraw on August 12, 2016. Dkt. 17.

Just three days thereafter, William Wortel of Bryan Cave, LLP, also moved for leave to withdraw his appearance for Defendants. Dkt. 18. Wortel maintained that, despite his firm's timely submission of invoices, Defendants had not paid Bryan Cave's fees and were contending that "economic circumstances prevent[ed] them from paying the invoices and that they [were] not in a position to make arrangements to pay Bryan Cave's invoices." *Id.* at ¶ 2.

3

On August 24, 2016, Magistrate Judge Baker granted Wortel's motion to withdraw and instructed that "[Defendant] is given 30 days to have new counsel appear on its behalf or risk a possible entry of default and dismissal of its counterclaims." Dkt. 19.

Defendants failed to retain counsel in the allotted time (or anytime thereafter), and on September 30, 2016, Plaintiff filed the pending motion for entry of default and default judgment, citing Defendants' failure to obtain counsel and "otherwise defend" its case. Dkt. 22 (citing *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 427 (2d Cir. 1967) (holding that a corporate defendant's disregard of the court's order requiring it to appoint counsel was a failure to "otherwise defend" as provided by Federal Rule of Civil Procedure 55(c))).

On October 28, 2016, the Court instructed the Clerk to docket an Entry of Default against Defendants pursuant to Fed. R. Civ. P. 55(a), see Dkt 24 (Clerk's Entry of Default), and took Plaintiff's motion for default judgment under advisement, ordering Plaintiff to provide by affidavit or other documentary evidence, support for its award of damages. See Dkt. 25.

On November 14, 2016, Plaintiff submitted his own affidavit in which he seeks $330,686.46 in unpaid commissions, $10,000 in expenses, and $16,000 in attorney fees. See Dkt. 26-1 at ¶ 5.

## **Discussion**

Under Rule 55(b) of the Federal Rules of Civil Procedure, a court may order default judgment following an entry of default by the Clerk of Court. However, an entry of default does not automatically entitle a plaintiff to a court-ordered judgment; rather, granting or denying relief is within the court's discretion. *Homer v. Jones–Bey,* 415 F.3d 748, 753 (7th Cir. 2005). In determining whether a default judgment is appropriate, we accept the factual allegations of the Complaint as true, meaning that, as a general rule, Defendants will be liable to Plaintiff as to each cause of action alleged in the Complaint, so long as that allegation is well-pled. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). We do not, however, accept Plaintiff's legal conclusions, nor do we deem Plaintiff's allegations regarding damages to be true. *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004). It is Plaintiff's burden to establish a right to his requested relief, and the court may not order such relief until we have determined "with reasonable certainty" the proper amount to award as damages—a determination which can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.,* 722 F.2d at 1323 (citations omitted); *see also In re Catt,* 368 F.3d at 793.

Here, Plaintiff requests that we enter default judgment in his favor on both his breach of contract claim and his Indiana statutory wage-violation claim. We accept the facts alleged in Plaintiff's Complaint as true and find that Defendants are liable to

Plaintiff for their alleged breach of the parties' settlement agreement. However, Plaintiff's affidavit claiming an entitlement to $330,686.46 in unpaid commissions is wholly inadequate in that it lacks any substantiation whatsoever for that amount. In addition, Plaintiff has failed to establish an entitlement to attorney fees or expenses. He has pointed to no provision in the parties' agreement which would shift these costs to the losing party, and although he claims in his Complaint that Defendants violated Ind. Code § 22-2-5-1, thereby entitling him to liquidated damages and attorney fees, we need not accept Plaintiff's legal conclusions as true.

Accordingly, we <u>GRANT in part</u> Plaintiff's motion for default judgment [Dkt. 22] with regard to Defendant's liability as to Plaintiff's breach of contract claim, but <u>STAY</u> any ruling on the issues or amounts of damages, attorney fees, and related expenses. Moreover, because a judgment award "should award the relief to which the prevailing party is entitled, not simply announce an entitlement," *Am. Inter-Fid. Exch. v. Am. Re-Ins. Co.,* 17 F.3d 1018, 1020 (7th Cir. 1994), we also withhold entry of judgment pending resolution of the remaining issues.

Plaintiff is hereby <u>ORDERED</u> to file within (14) days a supplement to his motion for default judgment detailing the evidentiary basis and legal basis for the monetary relief he seeks. Counsel for Plaintiff is requested to submit a proposed order reflecting such an award.

IT IS SO ORDERED.

Date: __02/24/2017__          _Sarah Evans Barker_
                              SARAH EVANS BARKER, JUDGE
                              United States District Court
                              Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

By United States Mail

I.M.F. North America Inc.  I.M.F. Impianti Macchine Fonderia S.r.l.
506 Manchester Expy A10  Via Turati, 110/1
Columbus, Georgia  21016 Luino (VA)
31904-6480  Italy